# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Louis Boy Winters,　　　　　　　　　　　　Court File No.:　13cv214 (MJD/SER)

　　　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　**REPORT AND RECOMMENDATION**

U.S. Dept. of Justice & FBOP-Branch FCI Sandstone, and
Scott Fisher,

　　　　　　　　Defendants.

　　　　This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915. (Docket No. 2.)　The matter was referred for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.　For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice.

　　　　Plaintiff, a federal prison inmate, filed a self-styled pleading entitled "CONSOLIDATED NOTICE OF COMPLAINT FOR DE NOVO ANEW JUDICIAL REVIEW OF AGENCY ACTION, ACTS, AND EXPRESS AND IMPLIED DECISIONS."　(Docket No. 1.)　He did not pay the $350.00 filing fee (*see* 28 U.S.C. § 1914(a)), but he instead submitted IFP application.

　　　　Because Plaintiff is a prisoner, his IFP application is subject to the requirements of the Prison Litigation Reform Act of 1995, ("PLRA").　This means, *inter alia*, that Plaintiff is required to pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).　In this case, Plaintiff's initial partial filing fee, under the formula set forth at § 1915(b)(1), is $60.60.

　　　　By order dated February 20, 2013, (Docket No. 4), Plaintiff was directed to pay his initial partial filing fee of $60.60 within twenty days.　That order advised Plaintiff expressly that if he

1

failed to pay the prescribed amount within the time allowed, the Court would recommend that this case be dismissed pursuant to Fed. R. Civ. P. 41(b).

After Plaintiff was ordered to pay his initial partial filing fee, he filed two anomalous documents entitled "DOCKETING CORRECTION NOTICE TO CORRECT CLERICAL ACTIONS & PROCEED," (Docket No. 5), and "3rd NOTICE SEEKING REDRESS NOTING VIOLATIONS," (Docket No. 7). Both submissions are almost completely incomprehensible. Although both documents identify Plaintiff's original pleading as a "complaint," (Docket No. 5, p. 1; Docket No. 7, p. 2), both documents also include vague allusions to "habeas corpus." The Court further notes that Plaintiff recently tendered a payment of $5.00, which is the statutory filing fee for a habeas corpus petition. (*See* 28 U.S.C. § 1914(a).) Plaintiff's unexplained references to "habeas corpus," together with his tender of a $5.00 payment, suggest that he may have intended to seek a writ of habeas corpus when he commenced this action. But again, Plaintiff's submissions include several references to his "complaint," and no clear indication of his intent to commence a habeas corpus action is present. Furthermore, Plaintiff did not submit his initial pleading on the required habeas corpus petition form prescribed by Local Rule 9.3. Significantly, Plaintiff does not present discernible factual or legal grounds that would support an application for a writ of habeas corpus. Therefore, Plaintiff's initial pleading in this case cannot be construed to be a habeas corpus petition.

Also, Plaintiff has not tendered the $60.60 payment this Court's prior order required, and the deadline for paying his initial partial filing fee for this case has now expired. As noted above, Plaintiff has tendered a payment in the amount of $5.00, but that obviously is far less than the amount required by the Court's order. No viable excuse for failing to comply with that Order was proffered. Therefore, as forewarned by the prior order, it is now recommended that this action be

dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). *See In re Smith*, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); *Amick v. Ashlock*, No. 04-1171 (8th Cir. 2004), 2004 WL 2603590 (unpublished opinion) (prisoner action can properly be dismissed where prisoner fails to pay initial partial filing fee as ordered); *Henderson v. Renaissance Grand Hotel*, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

Having determined that this action should be summarily dismissed, the Court will further recommend that Plaintiff's pending IFP application be denied as moot.

The dismissal of his action, without prejudice, will not preclude Plaintiff from commencing any new action in this District, including a habeas corpus action. If Plaintiff ever does attempt to commence any new action, he will have to do a much better job of presenting his claims. If he seeks an order that will directly affect the fact or duration of his confinement, by vacating his conviction or shortening his sentence, he will have to file a petition for a writ of habeas corpus – not a civil complaint. Any such habeas corpus petition will have to be submitted on the form prescribed for use in this District, and it will have to clearly describe (a) the factual and legal grounds on which it is based, and (b) the specific relief that is being requested.[1] If Plaintiff

---

[1] The Court notes that Plaintiff previously attempted to challenge his federal criminal conviction and sentence in a habeas corpus petition filed in this District. *See Winters v. Fisher*, Civil No. 09-3312 (MJD/SRN). That case was summarily dismissed, because "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to

3

is seeking any other type of redress, he will have to present his claims in a non-habeas civil complaint that complies with the pleading requirements prescribed by Fed. R. Civ. P. 8-11.[2]

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed *in forma pauperis*, (Docket No. 2), be **DENIED AS MOOT**; and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: May 30, 2013
                                   *s/Steven E. Rau*
                                   Steven E. Rau
                                   U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 14, 2013,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Plaintiff should not file any new habeas corpus petition without first reviewing the legal precepts that caused his previous petition to be summarily dismissed.

[2] Before Plaintiff attempts to commence **any** new action in this District, he should ask the Clerk of Court to send him a packet of the informational materials that are available to assist *pro se* litigants.